IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY ROGERS                                                                               PLAINTIFF

V.                                          NO. 13-5258

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kelly Rogers, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on April 22, 2011, alleging disability since October 31, 2010,[1] due to "arthritis in neck, shoulder and hands, legs" and "chronic bronchitis." (Tr. 129-130, 136-142, 167, 168, 172). An administrative hearing was held on April 25, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 29-62).

By written decision dated September 14, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mild degenerative disc disease of the cervical spine; adhesive capsulitis; mild fibromyalgia syndrome;

---

[1] At the hearing held before the ALJ, Plaintiff amended her onset date to October 31, 2010. (Tr. 32).

chronic back pain; and mild Dupuytren's contracture.[2] (Tr. 19). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb ramps and stairs, she can never climb ladders, ropes, or scaffolds, she can only occasionally balance, stoop, kneel, crouch, and crawl, and she cannot perform overhead work or overhead reaching. She further can perform frequent, but not constant, handling bilaterally.

(Tr. 20). With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as cashier II and an attendant at a self-service store. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on September 11, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnard</u>, 292 F. 3d 576, 583 (8th Cir.

---

[2]Dupuytren Contracture - A disease of the palmar fascia resulting in thickening and shortening of fibrous bands on the palmar surface of the hand and fingers, resulting in a characteristic flexion deformity of the fourth and fifth digits. <u>Stedman's Medical Dictionary</u> 436 (28th ed. 2006).

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in his RFC determination; 2) The ALJ failed to address conflicts between the Dictionary of Titles and the VE's testimony; and 3) The ALJ failed to meet his burden at step five. (Doc. 11).

Although the Court believes there is substantial evidence to support the ALJ's RFC finding, the Court also believes the ALJ failed to resolve a conflict between the VE's testimony and the DOT. The ALJ's RFC determination restricted Plaintiff to no overhead work or overhead reaching. (Tr. 20). The jobs the VE listed as ones Plaintiff could perform, cashier II and attendant at a self service store, require frequent reaching, according to the DOT.[3] Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs the Selected Characteristics of Occupations Defined (SCO) said required frequent reaching).

---

[3] Cashier II - DOT 211.462-010; Sales Attendant - DOT 299.677-010.

-4-

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, when the ALJ asked the VE if all of his testimony was consistent with the information found in the DOT, the VE responded, "yes, sir, it is." (Tr. 59). It is not clear whether the VE recognized the possible conflict between the hypothetical and the positions he identified, and no explanation for the conflict was offered at the hearing. There was also no indication the ALJ addressed or resolved the potential conflict between the DOT and the VE's testimony in the written decision, and this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark. Jan. 15, 2015).

Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT and therefore, the VE's testimony was not substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between a VE's testimony and the DOT.

**IV.  Conclusion:**

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 11th day of February, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)